O’Neall, J.
dissenting. In this case, I concur with the Chancellor, that the defendant is liable to account with the complainants for their share of the rent,, of the cleared land, at the time he went into possession; and also, of the land which he cleared after he went into possession, from the time at which he was compensated, by the cultivation, for clearing and fencing it. By the Statute, 4th and 5th Anne, c. 16, one tenant in common may have an account *483 against his co-tenant, for receiving more than his share of of the rent. In 3 Wils. 118, Goodtitle vs. Tomby, it is held, that one tenant in common may maintain an action against his co-tenant, for mesne profits. In 3d. Bac. Abr. 688, Tit. Joint Tenant and Tenants in Common, letter H. fig. 1, it is said, “but if their be two joint tenants, and they make a lease, by parol, or deed poll, reserving rent to one only, yet it shall entire to both.” And again, the same authority says, “where the lease is by deed poll, or parol, the rent shall follow the reversion, which is jointly in both lessors, and the rather, because the rent being something in retribution for the land given, the tenant, to whom it is reserved, ought to be seized of it, in the same manner he was of the land devised, which was, equally, for the benefit of his companion, as himself.” “ In Van Horne vs. Fonda, 59 C. R. 407, Chancellor Kent held, that where two devisees were in possession, under an imperfect title, derived from their common ancestor, one of them cannot buy up an outstanding debt, so as to disseize, or oust his co-tenant, but such purchase will enure to their common benefit, subject to an equal contribution to the expense.” In that case, he makes the remark, “it is like an expense laid out on a common subject, by one of the owners, in which case, all are entitled to the common benefit, on bearing a due proportion of the expenses.” In Carter’s Ex’or. Carter and others, 5 Mumf. 108, rents and profits were allowed, under circumstances very like the present case. These are all the authorities, bearing on the question now before us, to which I have been able to refer. It is, from them, perfectly clear, that where one tenant occupies, or leases the whole of the cleared land, he must account to his co-tenant, for his share of the rent. The only difficulty is in relation to the land, which he may clear. Cutting down woodland, in England, is waste. In this State, it is not necessarily so. A tenant for life may cut down and clear so much land, as may be necessary for the enjoyment of the estate, or as a prudent man, owning the fee, would do. The same rule, I apprehend, applies to tenants in common. An action for waste would not, then, in all cases, lie-for cutting down and clearing wood-land. It would, I presume, be more consistent with principle, and the Statute of 4 and 5 Anne, *484 to hold him. accountable for rent, after his occupation had reimbursed him for clearing and fencing. After he has occupied the land, and received the rents and profits, until he is paid for preparing it for cultivation, it is, then, as much common property, as the land which he found cleared, when he went into possession. Let me.put a case, or two, for illustration. Suppose a tenant in common leases land, upon the terms, that his tenant shall possess and enjoy all the land, which he clears, three years, free of rent; and after that time, that he 'shall pay so much annual rent \ would not this lease enure, to the benefit of all.his co-tenants, and would, they not be entitled to a share of all the rent received under this lease'? It is clear, that the affirmative of’this question is law. What is the difference ^¡¡between the case supposed, and the one before us 1 lam satisfied, there is none! The tenant in common, in possession, must be held to clear land upon the implied understanding, that he is to possess it, until he is paid, by its use, for clearing and fencing it; and after that, that he will . be bound to pay rent. Again, suppose the co-tenant, out of possession, offers to pay the tenant in possession, for clearing and fencing, or any other improvement, would he not be entitled to, his share of the enhanced rents, arising from such clearing and fencing, or other improvements ¶ lam clear, that he would ! For, in the language of that most excellent Chancery Judge, Chancellor Kent, “it is like an expense laid out on a common subject, by one of the owners, in which, all áre entitled to the common benefit, on bearing a due proportion of the expenses.” If the tenant in possession is refunded for his work, and expense, in clearing and fencing, by the use, it would seem, that he should account to his co-tenants, from the time that he is; so refunded. But, it is said, this would be making him pay for his enterprise. This, however, is erroneous. He can, at any time, and under any circumstances, compel his co-tenants to make partition. If he enters upon, and clears, land, of which another is entitled to a share, without partition, he is quasi, a trespasser; and is entitled to no extraordinary'favor. In Duff vs. Hutson. 2 Bail. 215, we held,, that in trespass to try titles, the plaintiff was entitled, as a matter of right, to recover rent for his land,; for the time- *485 the defendant has been in possession of it; and on the principle of that case, as well as my previous reasoning, I should hold, that the defendant must account for the rent, deducting the value of his improvements.
JOHN B. O’NEALL.